HELENE N. WHITE,
Circuit Judge (concurring in part and dissenting in part).
I agree with the majority’s disposition of Horn’s retaliation claims, but respectfully dissent regarding her sex discrimination claim.
I.
The parties agree that Horn is the only woman in the history of the City of Cleveland’s Waste Collection and Disposal Division to have held a Foreman position. She was promoted to Foreman in 1996. Fourteen years later, in December 2010, she was appointed Acting Foreman I at the Ridge Road station (not her usual station), where she also occasionally filled in for the Assistant Superintendent, Wayne Thornton.
After holding the Acting Foreman I position for about one year, Horn was suspended for one day based on an incident on December 5, 2011, when one of the crews she supervised left trash uncollected and she had the crew collect the trash *521 after hours without advising her supervisor.
On April 17, 2012, Horn notified then-Commissioner Ronnie Owens in writing that she was resigning the Acting Foreman I position, “I Toni Horn will like to relinquish my position as a Foreman I at Ridge Road and therefore go back and continue my position as a waste collection Foreman.” PID 596. By letter dated April 19, 2012, Commissioner Owens advised that he accepted Horn’s request and that, effective April 18, 2012, she was to report to her former position as Foreman of District 120. PID 597. Commissioner Owens carbon copied Horn’s personnel file. That same day, Horn clarified in a letter to Commissioner Owens why she resigned: a male under her supervision had been promoted to Assistant Superintendent while she was on vacation and she had not been informed that an Assistant Superintendent position was open:
First, ... I am not removing myself from the position because I cannot perform the job because I can and have been doing so. I have been in the position ... for eleven months and have been a foreman for 15 years so I am fully aware of the policies and procedures as a foreman. As Acting Foreman 101, I have been in charge of running the Station whenever the Assistant Superintendent Warren Thornton would be off for any reason, ... I ran the station well. What I don’t seem to understand is why when I returned from vacation there were changes made in which Asst. Superintendent Warren Thornton was transferred out, and Michael Nunn was placed into the position ... when I was just working over him [Nunn] as Foreman 101.
I was never informed of any opening whether it be acting or not, of the Assistant Superintendent position. The reason I was told during a grievance hearing on April 16, 2012 for not receiving the position is because I supposedly left some garbage out in District 110. A district I was never properly trained in because I always had to train other acting Foremans [sic] in District 130. It is really unfair that I continuously get disciplined for things I have no control over as Acting Foreman 101. All I am asking is that I be provided the same opportunity the two other Senior Foreman one’s [sic] (James Grant & Tim Owens) received seeing that I am the next Senior Foreman.
I would like to be considered for the position as Asst. Superintendent or Foreman 101 ... when it is properly posted, I can receive proper training in all districts, and am no longer just acting in these positions.
PID 598-99; 4/19/12 letter.
In June 2012, several months after resigning the Acting Foreman position, Horn unsuccessfully bid for three Foreman I positions and one Assistant Superintendent position. Four men were promoted to those positions.[1]
II.
The district court concluded that the City made a reasonably informed and considered decision not to promote Horn given her disciplinary record, which the court deemed unlike the lesser disciplinary infractions of the men selected. The district court also concluded that Horn’s record, disciplinary and otherwise, demonstrated a lack of interest and aptitude. PID 784-85.
*522 To demonstrate pretext at the summary-judgment stage, Horn must show by a preponderance of the evidence either 1) that the City’s proffered reasons for not promoting her had no- basis in fact, 2) that the proffered reasons were not the true reason, or 3) that they were insufficient to motivate the failure to promote her. See Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003).
Viewing the facts in a light most favorable to Horn, she presented sufficient evidence for a reasonable factfinder to reject the City’s proffered reasons for denying her promotions, e.g., find them unworthy of credence. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (“[A] plaintiffs prima facie case, combined. with sufficient evidence to find that the employer’s asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated .... ”). First, she had the most seniority of any candidate and had held a managerial position much longer than Mason, whose resume states that he became a foreman in 2011. Second, she had prior experience as an Acting Foreman I and had filled in for Assistant Superintendent Thornton, neither of which are indicated on Mason’s resume. PID 613-14. Third, reasonable minds could differ regarding whether Horn’s one-day disciplinary suspension for neglect of duty is, as Ludwig testified, “the most severe” among the applicants; rather, Mason’s two-day suspension for neglect of duty, insufficiency in work, and wasteful use of equipment could be found more severe. The district court improperly found as fact that “Mason’s use of a City truck for non-City business during work hours ... did not reflect on his ability to perform a Foreman’s tasks.” PID 785. Fourth, Ludwig’s perception that Horn lacked interest and follow through because she declined a non-managerial promotional opportunity to a Transfer Station Attendant, which the district court assumed as fact, PID 786, is without record support. As the arbitrator observed, Horn maintained that she was never offered the position and there is no evidence any interview took place. PID 643. Fifth, Ludwig’s perception that Horn lacked interest because she resigned her Acting Foreman I position, which the district court determined “rationally justified Defendant’s view that Plaintiff lacked interest or showed a failure to follow through,” PID 785, was based on Horn’s two sentence letter to Commissioner Owens, and not her explanatory letter of two days later to Commissioner Owens, which explained that she was resigning the position because a male had been promoted to Assistant Superintendent when she had no opportunity to bid on that position and while she was away on vacation. As the arbitrator noted, there is no indication that Horn’s complaints of discrimination in her explanatory letter to Commissioner Owens were ever investigated.
The district court improperly made factual findings and weighed credibility when it determined that the City made a reasonably informed and considered decision not to promote Horn. Along with her prima facie case, Horn presented sufficient evidence from which a factfinder could find the City’s proffered rationales for not promoting her were unworthy of' belief. I would thus reverse the grant of summary judgment on Horn’s sex discrimination claim.

. Vincent Callahan, Nathaniel Mason, and Kevin Campbell were promoted to Foreman I, and Michael Nunn was promoted to Assistant Superintendent.